Requestor: Edward W. Doyle, Town Attorney Town of Philipstown P.O. Box 150 Peekskill, N.Y. 10566
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town of the second class may submit at the same election propositions to change the classification of the town to a town of the first class, to increase the membership of the town council from four to six and to establish the ward system for the election of members of the town council.
Under section 81 of the Town Law a town board may upon its own motion and must upon a petition, as defined, submit at a special or biennial town election a proposition to change the classification of the town to a town of the first class (Town Law, § 81[3]). Additionally, section 81 provides that in a town of the first class the town board may on its own motion and must upon a petition submit to the voters a proposition to increase the membership of the town council from four to six or to establish the ward system (id., § 81[2][a], [b]).
Thus, under this provision only towns of the first class are authorized to increase the number of councilpersons or to establish the ward system.
In our view, under section 81 it is necessary that a town of the second class first effectuate a change in classification to become a town of the first class prior to the submission to the electorate of propositions to increase the number of councilpersons or to establish the ward system. Under section 81, only towns of the first class are eligible to take such action. Thus, in our view, the three propositions may not be submitted at the same election. We note, however, that a town of the first class may submit at the same election propositions to increase the membership of its council and to establish the ward system (1968 Op Atty Gen [Inf] 52).
It is our view, however, that a town of the second class may increase the membership of the town council from four to six members and may establish the ward system for the election of members of the town council through the enactment of a local law. Under the Municipal Home Rule Law, a county, city, town or village is authorized to adopt and amend local laws, consistent with the Constitution and with any general law, in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees (Municipal Home Rule Law, § 10[1][ii][a][1]). In our view, this provision authorizes a town to establish or eliminate offices and to establish the ward system for electing members of the town council. Further, we believe that such a local law would not be inconsistent with any provisions of the Town Law. Section 81 of the Town Law is a special authorization for the submittal of propositions to the voters by petition of the voters or upon the motion of the town board. It does not by its terms suggest that it is the exclusive source of authority with respect to the actions authorized.
A local law to increase the membership of the town council or to establish the ward system is subject to a mandatory referendum (id.,
§ 23[b], [e], [g]). We see no reason why the referendum for each of these local laws may not be submitted at the same election.
We conclude that propositions under section 81 of the Town Law to change the classification of a town to a town of the first class, to establish the ward system and to increase the membership of the town council from four to six may not be submitted at the same election. A town of the second class may, however, increase the membership of its town council and establish the ward system through the enactment of local laws subject to mandatory referenda. The referendum on each of these proposals may be held at the same election.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.